IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| LEO DANIEL LEGER, #258 677 | * | |
| Plaintiff, | * | |
| v. | * | 3:09-CV-474-ID |
| | | (WO) |
| STATE OF ALABAMA | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were and/or are being abridged with respect to his current incarceration. Plaintiff names as the defendant the State of Alabama.

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The State of Alabama*

Plaintiff files the instant action naming the State of Alabama as the sole defendant. The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, Plaintiff's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The Statute of Limitations*

Even if Plaintiff were granted an opportunity to amend his complaint to name a proper defendant to this cause of action, the court finds that any challenge Plaintiff seeks to make with respect to matters associated with his criminal proceedings before the Lee County Circuit Court and which occurred prior to May 15, 2007, are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th

Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on challenges related to Plaintiff's criminal court proceedings which occurred prior to May 15, 2007. Plaintiff filed the instant complaint on May 15, 2009.[2] This filing occurred ***after*** the applicable periods of limitation had lapsed with respect to claims which accrued prior to May 15, 2007.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section

---

[2] Although the present copmlaint was stamped "filed" in this court on May 21, 2009, the complaint was signed by Plaintiff on May 15, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Plaintiff] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 15, 2009 as the date of filing.

1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred prior to May 15, 2007 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision

provides no basis for relief. In light of the foregoing, the court concludes that challenges to Plaintiff's criminal court proceedings which occurred prior to May 15, 2007 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. Challenges to Plaintiff's Conviction/Detention*

To the extent Plaintiff seeks to challenge either his 1978/79 state court conviction(s) and/or the sentence imposed as a result of that judgment or the execution of the sentence he is presently serving, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

The core of Plaintiff's claims concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging

the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[3] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant State of Alabama be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii);

2.  Plaintiff's claims challenging events which occurred prior to  May 15, 2007 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

3.  Plaintiff's challenge to the validity of his conviction and/or detention be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. The complaint be DISMISSED prior to service of process.

---

[3]Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of July 2009.

                                           /s/   Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE